[Cite as *State v. Smith*, 2014-Ohio-2115.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0061** |
| MARWIN M. SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 13 TRD 02425.

Judgment: Affirmed.


*Michael Franklin*, Ashtabula City Solicitor, and *Lori B. Lamer*, Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Marwin M. Smith*, pro se, 437 1/2 State Street, Conneaut, OH 44030 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} This appeal is from the Ashtabula Municipal Court. Appellant, Marwin M. Smith, pled no contest to speeding in violation of R.C. 4511.21. On the basis of that plea, the trial court entered a finding of guilty. Smith timely appeals his conviction, pro se, on the basis that his rights to court-appointed counsel and a jury trial were infringed. He also alleges that appellee, the state of Ohio, did not comply with his request for discovery. For the following reasons, we affirm the judgment of the trial court.

{¶2} On August 16, 2013, Deputy Mark Mullet was monitoring traffic on state route 11 when he saw Smith driving at a high speed. His radar indicated Smith was driving at 110 miles per hour where the speed limit was 65 miles per hour. Deputy Mullet initiated a traffic stop and issued Smith a citation for speeding in violation of R.C. 4511.21(D)(2), a minor misdemeanor, and for reckless operation of a motor vehicle in violation of R.C. 4511.20, also a minor misdemeanor.

{¶3} Smith had previous traffic convictions which could have resulted in the reckless operation offense being charged as a fourth-degree misdemeanor. The charging instrument, however, did not allege that Smith had any previous traffic convictions. Smith made a jury demand, arguing that his previous traffic convictions raised his reckless operation charge to a fourth-degree misdemeanor. Consequently, the state moved to amend the complaint, which the trial court denied. Eventually, the prosecution and Smith reached a plea agreement pursuant to which the prosecution would dismiss the reckless operation charge if Smith pled no contest to speeding. Smith agreed, and a plea hearing followed; Smith was advised of the constitutional rights he would give up by entering a plea of no contest. After Smith entered his plea, the trial court found him guilty and imposed a $150 fine.

{¶4} Smith now asserts three assignments of error. His first assignment of error states:

{¶5} "Marwin M. Smith was deprived of his right to assistance of appointed counsel in contravention of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10 of Article I of the Ohio Constitution."

{¶6} Within this assignment of error, Smith asserts that, because he was charged with a reckless operation offense pursuant to R.C. 4511.20 and had "three predicate convictions" within 12 months of the case at issue, he should have been charged with a fourth-degree misdemeanor instead of a minor misdemeanor. The state contends there is no right to counsel when the defendant is charged with a minor misdemeanor.

{¶7} Crim.R. 44 governs the assignment of counsel in criminal cases. It states, in pertinent part:

> (A) Counsel in serious offenses. Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
>
> (B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶8} Crim.R. 44(B) indicates that appointment of counsel for "petty offenses" is discretionary but mandatory for "serious offenses." A serious offense is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). A petty offense is any other offense that is not a serious offense. Crim.R. 2(D). A minor misdemeanor is defined as "an offense for which the potential penalty does not exceed a fine of one hundred fifty dollars." Crim.R. 4.1(B). Both the Ohio Supreme Court and the United States Supreme

Court have held that the right to court-appointed counsel only attaches to charges where there is a potential of jail or prison being imposed as a penalty. *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979); *State v. Bucholz*, 11 Ohio St.3d 24, 26 (1984).

{¶9} In this particular case, the traffic complaint charged Smith with a violation of R.C. 4511.21(D)(2) and R.C. 4511.20. No enhancing language was used in the charging instrument. Under R.C. 4511.21(P)(1), "[a] violation of any provision of this section is one of the following: (a) Except as otherwise provided in divisions (P)(1)(b), (1)(c), (2), and (3) of this section, a minor misdemeanor." A violation of R.C. 4511.20 without any enhancing allegation is also a minor misdemeanor. R.C. 4511.20(B). As such, Smith had no right to court-appointed counsel based on the charges as brought by the prosecution.

{¶10} Smith's argument on appeal, however, is that the judge erred in denying the state's motion to amend the charges. In that motion, the state sought to raise the charge to a fourth-degree misdemeanor, pursuant to R.C. 4511.20, because Smith had committed a moving violation within one year prior to this offense. The trial court denied the motion to amend because it found it was not in Smith's best interest to do so, as it would have exposed him to more severe penalties. In addition, the trial court denied Smith's request for a jury trial as untimely.

{¶11} Crim.R. 7(D) governs amendments of charging instruments:

{¶12} "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

4

{¶13} Therefore, except for changes to the name or identity of the crime charged, we review the trial court's decision to grant or deny an amendment to the charging instrument for an abuse of discretion. *City of Chardon v. Bulman*, 11th Dist. Geauga No. 2007-G-2811, 2008-Ohio-6769, ¶35. The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason or the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30.

{¶14} The state moved to amend the charges after Smith made his demand for a jury trial. In his motion for a jury trial, Smith admitted he had prior convictions that could elevate the reckless operation charge to a fourth-degree misdemeanor. In view of the potential adverse consequences to Smith, the trial court's denial of the request to amend the charges was rational and reasonable. Therefore, the trial court did not abuse its discretion in denying the motion to amend the complaint. The first assignment of error is without merit.

{¶15} As his second assignment of error, Smith alleges:

{¶16} "Marwin M. Smith was deprived of his right to a trial by jury in contravention of the Fifth and Fourteenth Amendments to the United States Constitution and Section [10] of Article I of the Ohio Constitution."

{¶17} Within this assignment of error, Smith claims that he was denied his right to a jury trial because he was required to have been charged with a fourth-degree misdemeanor. Smith's argument is without merit. A prosecutor has discretion not to bring charges in instances where there is sufficient evidence to sustain a charge. *State*

5

*v. Guenther*, 9th Dist. Lorain No. 05CA008663, 2006-Ohio-767, ¶61.  The prosecutor had no obligation to charge Smith with a fourth-degree misdemeanor.

**{¶18}** The second assignment of error is without merit.

**{¶19}** As his third assignment of error, appellant alleges:

**{¶20}** "Marwin M. Smith was deprived of his right to due process in Contravention of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16 of Article I of the Ohio Constitution."

**{¶21}** Within this assignment of error, Smith alleges the prosecution did not comply with his request for discovery before trial.  This argument is waived.  Smith never made an objection to the trial court that the state failed to comply with discovery.  Under Crim.R. 12(H) and Crim.R. 12(C)(4), a defendant's failure to object to the state's failure to comply with a discovery request constitutes a waiver of the issue.  Therefore, Smith was not deprived of his rights by the trial court because it was never advised there was an issue with the state's compliance.

**{¶22}** The third assignment of error is without merit.

**{¶23}** The judgment of the Ashtabula Municipal Court is affirmed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.