[Cite as *State v. Victor*, 2015-Ohio-5520.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2014-G-3220 and 2014-G-3241** |
| SUNY L. VICTOR, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Chardon Municipal Court, Case No. 2014 TRC 00144.

Judgment: Reversed and remanded.


*James M. Gillette*, Chardon Village Law Director, PNC Bank Building, 117 South Street, #208, Chardon, OH 44024 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} This case involves two appeals filed by appellant, Suny L. Victor. The first appeal, Case No. 2014-G-3220, was filed on July 8, 2014. The second appeal, Case No. 2014-G-3241, was filed on December 1, 2014. As appellant's appeals both stem from Chardon Municipal Court Case No. 2014 TRC 00144, which involved operating a motor vehicle while under the influence of alcohol ("OVI") and failure to control, and are interrelated, this court sua sponte consolidated these appeals on December 15, 2014. On January 5, 2015, this court found appellant indigent, appointed her appellate

counsel, and granted her a transcript at state's expense. Appellant's counsel filed a brief on April 2, 2015. Appellee, the state of Ohio, filed a brief on June 10, 2015. On appeal, appellant asserts she was denied her constitutional right to counsel during the trial proceedings below. For the reasons that follow, we reverse and remand.

{¶2} On January 11, 2014, a criminal complaint was filed against appellant for OVI, in violation of R.C. 4511.19(A)(1)(a), and failure to control, in violation of R.C. 4511.202. Appellant pleaded not guilty to both charges and waived her right to a speedy trial.

{¶3} Appellant filed numerous pro se motions, including a motion to suppress on January 16, 2014. A suppression hearing was held on May 6, 2014. Present in court was the prosecutor, on behalf of the state, and appellant, pro se. Also present was the state's witness, John R. Nemastil, a trooper with the Ohio State Highway Patrol.

{¶4} Trooper Nemastil testified he was called to the scene of an accident on Wisner Road at Mitchell's Mills, in Chardon, Geauga County, Ohio. When Trooper Nemastil arrived, two Kirtland Hills police officers were already there. Trooper Nemastil observed that a vehicle had struck a tree. The weather conditions were cold with light rain. The pavement was wet with no snow or ice on the road surface.

{¶5} Two people, identified as appellant and Michael Myers, were sitting in a Kirtland Hills police cruiser. Appellant and Mr. Myers both indicated appellant was the driver of the car which struck the tree. Appellant had no visible signs of injuries but complained of knee pain. She was evaluated by medical personnel at the scene and signed a waiver declining medical treatment. Mr. Myers suffered a laceration to his head and was transported to the hospital for treatment.

2

{¶6} Trooper Nemastil described appellant as calm at times and emotional at other times. Appellant had difficulty writing a statement. Trooper Nemastil said the statement was illegible and made no sense. Trooper Nemastil noticed appellant's eyes were red, bloodshot, and glossy. He smelled a strong odor of an alcoholic beverage emanating from her person. Appellant claimed she had nothing to drink.

{¶7} Trooper Nemastil next conducted field sobriety tests in compliance with the NHTSA standards. Appellant demonstrated six clues on the first test (HGN). She refused to perform the remaining two tests (one leg stand and walk-and-turn). Trooper Nemastil placed appellant under arrest. At the station, appellant refused to submit to a breath, urine, or blood test.

{¶8} Following the hearing, the trial court denied appellant's pro se motion to suppress. The court found Trooper Nemastil had probable cause to arrest appellant based upon the accident and the six clues on the HGN test.

{¶9} A jury trial was held on June 19, 2014. Present in court was the prosecutor, on behalf of the state, and appellant, pro se. Appellant made various missteps and exhibited some confusion during voir dire and trial.[1]

{¶10} Trooper Nemastil testified for the state. In all major respects, his testimony was the same as provided at the motion to suppress hearing. The jurors viewed the cruiser dash cam video, wherein appellant stated she was coming from a friend's house and denied consuming any alcohol. (State's Exhibit 1). The jurors were also shown a DVD of the traffic crash photos taken by Trooper Nemastil. (State's Exhibit 2).

---

1. For example, a peremptory challenge was not utilized to dismiss a juror whose spouse was a member of MADD; appellant stumbled in her attempts to call a witness; and a booking video which purportedly would have shown appellant was not acting intoxicated was not introduced.

3

{¶11} Appellant called a few witnesses, including her mother, Irm Zeigler. Ms. Zeigler claimed the roads were bad on the day of her daughter's accident.

{¶12} Following trial, the jury returned a guilty verdict on both charges as contained in the criminal complaint. Thereafter, appellant filed numerous pro se motions, including a motion for new trial, which were denied.

{¶13} On July 8, 2014, the trial court sentenced appellant to serve 180 days in jail, with 177 days suspended on conditions. The court also suspended appellant's driver's license for 180 days and ordered her to pay a $375 fine.[2] Appellant timely appealed, Case No. 2014-G-3220. Appellant's sentence was stayed pending appeal.

{¶14} Appellant filed more pro se motions with the trial court, including a motion for reconsideration and/or to "purge," which were denied on November 26, 2014. Appellant filed another appeal, Case No. 2014-G-3241.

{¶15} As stated, this court sua sponte consolidated both appeals. Currently before this court is the following assignment of error:

{¶16} "The appellant was denied of her constitutional right to counsel in violation of both state and federal law."

{¶17} In her sole assignment of error, appellant argues she was denied her Sixth Amendment right to counsel. Appellant stresses the trial court failed to address and obtain, in either written or oral form, a waiver of her constitutional right to counsel.

{¶18} "The Sixth and Fourteenth Amendments to the United States Constitution guarantee that persons brought to trial in any state or federal court must be afforded the right to the assistance of counsel before they can be validly convicted and punished by

---

2. The trial court issued a nunc pro tunc entry on September 10, 2014 which includes the plea, finding of guilty, and sentence.

4

imprisonment. *See Powell v. Alabama*, 287 U.S. 45 * * * (1932); *Gideon v. Wainwright*, 372 U.S. 335 * * * (1963). In some cases, defendants choose to forgo that right and represent their own interests before a criminal tribunal. That is also their right under the constitutions of this state and this nation. *State v. Reed*, 74 Ohio St.3d 534, 535 * * * (1996), citing *Faretta v. California*, 422 U.S. 806, 821 * * * (1975). 'If a trial court denies the right to self-representation, when properly invoked, the denial is per se reversible error.' *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, * * * ¶32, citing *Reed*.

{¶19} "When defendants manage their own defense, however, they relinquish, 'as a purely factual matter, many of the traditional benefits associated with the right to counsel.' *Faretta* at 834. For this reason, in order to represent themselves, defendants must 'knowingly and intelligently' forgo those relinquished benefits. *Id.* at 835. Although defendants do not need to have the skill and experience of a lawyer to competently and intelligently choose self-representation, they should be made aware of the dangers and disadvantages of self-representation, so that the record establishes that they know what they are doing and their 'choice is made with eyes open.' *Id.*

{¶20} "To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366 * * * (1976), paragraph two of the syllabus. Crim.R. 44(A) also provides that a defendant is entitled to counsel 'unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.' The United States Supreme Court, however, has not prescribed a precise formula or script that must be read to defendants who indicate that they desire to proceed without counsel.

5

*State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, * * * ¶101. Instead, to be valid, a waiver of the right to counsel must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, * * * ¶40." *Village of Highland Hills v. Nicholson,* 8th Dist. Cuyahoga No. 100577, 2014-Ohio-4671, ¶11-13. (Parallel citations omitted.)

{¶21} We note that appellant in this case is indigent. As an indigent in a criminal proceeding, she has a constitutional right, inter alia, to competent counsel. *In re Roque*, 11th Dist. Trumbull No. 2005-T-0138, 2006-Ohio-7007, ¶15, citing *State v. Blankenship*, 102 Ohio App.3d 534, 558 (12th Dist.1995).

{¶22} In addition, no person may be imprisoned for any offense, whether classified as petty or serious, unless he was represented by counsel at his trial or knowingly, intelligently, and voluntarily waived the right to counsel. *State v. Pence*, 2d Dist. Clark No. 2013-CA-109, 2014-Ohio-5072, ¶18, citing *Argersinger v. Hamlin*, 407 U.S. 25 (1972).

{¶23} Crim.R. 44 states:

{¶24} "(A) Counsel in serious offenses.

{¶25} "Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the

6

defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.

{¶26} "(B) Counsel in petty offenses.

{¶27} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶28} "(C) Waiver of counsel.

{¶29} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."

{¶30} Thus, pursuant to Crim.R. 44 and 22, the waiver of counsel must take place in open court, must be recorded, and in cases of serious offenses, the waiver must be in writing. A petty offense is defined as "a misdemeanor other than a serious offense." Crim.R. 2(D). A serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

{¶31} In the case at bar, appellant was charged with a first-offense OVI, which carried a term of imprisonment for not more than six months, as well as failure to control, a minor misdemeanor. Therefore, the charges against appellant constitute petty offenses and are governed by Crim.R. 44(B) and (C).

**{¶32}** The state stresses in its appellate brief that appellant's assignment of error is without merit because she was advised of her right to counsel at her arraignment. (Appendix A). However, even if appellant waived her right to counsel during arraignment, the record establishes that the trial court, before proceeding to trial, failed to make an independent inquiry into whether her waiver of counsel at trial was knowingly, intelligently, and voluntarily made.

**{¶33}** "A waiver of counsel at an arraignment is effective for that proceeding only; before proceeding with a trial, the trial court must independently determine whether the defendant desires to waive counsel and whether, at that time, he has made a knowing, intelligent, and voluntary waiver." *State v. Vordenberge*, 148 Ohio App.3d 488, syllabus (1st Dist.2002).

**{¶34}** "Even assuming that [a defendant] was informed of his right to counsel at his arraignment as required by the criminal rules applicable to that proceeding, * * * being told of his right to counsel and waiving that right * * * at that time [are], standing alone, insufficient to demonstrate a knowing, intelligent, and voluntary waiver of counsel for trial. The inquiry necessary to establish a constitutionally valid waiver for trial is, by its nature, more suited to the trial court, and not the arraignment proceeding. The 'cattle call' nature of arraignment proceedings does not lend itself to the judge or magistrate conducting an inquiry sufficient to pass constitutional muster." *Id.* at 493.

**{¶35}** Appellant represented herself throughout these proceedings. The record before us does not reveal appellant ever knowingly, intelligently, and voluntarily waived her right to counsel prior to starting the June 19, 2014 jury trial. The trial court did not address appellant or place on the record that she was entitled to be represented by

8

counsel prior to or during the jury trial and that an attorney could be appointed for her if she could not afford one.

{¶36} The fact that appellant did not have an attorney present for trial was prejudicial. As stated, appellant made various missteps and exhibited some confusion during voir dire and trial. The record establishes the trial court discharged its constitutional obligation to secure a knowing, intelligent, and voluntary waiver from appellant regarding her right to counsel. Viewing the whole record, this constitutional error cannot be deemed harmless. *See State v. Williams*, 38 Ohio St.3d 346, 349 (1988), citing *Moore v. Illinois,* 434 U.S. 220 (1977).

{¶37} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Chardon Municipal Court is reversed and the matter is remanded for further proceedings consistent with this opinion. Specifically, upon remand, appellant must be afforded a new trial wherein she is to be represented by counsel, unless she makes a knowing, intelligent, and voluntary waiver thereof.

THOMAS R. WRIGHT, J., concurs in judgment only.

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶38} I respectfully dissent from the decision to reverse appellant, Suny L. Victor's, convictions on the grounds that the "record before us does not reveal appellant

9

ever knowingly, intelligently, and voluntarily waived her right to counsel." *Supra* at ¶ 35. The record before us, albeit incomplete, demonstrates the contrary.

{¶39} This court has recognized that "Ohio courts have rejected a 'checklist approach' to determine whether a defendant made a voluntary, knowing, and intelligent waiver of his right to counsel," but instead "Ohio appellate courts consider whether the totality of the circumstances demonstrates that the defendant understood the nature of the charges, possible defenses, and seriousness of the waiver." *State v. Meyers*, 11th Dist. Lake Nos. 2013-L-042 and 2013-L-043, 2014-Ohio-1357, ¶ 17, citing *State v. Doyle*, 4th Dist. Pickaway No. 04CA23, 2005-Ohio-4072, ¶ 11; *State v. Guess*, 4th Dist. Hocking No. 11CA33, 2014-Ohio-771, ¶ 9 ("appellate courts should independently examine the record, i.e., conduct a de novo review, to determine whether the totality of circumstances demonstrates a knowing, intelligent, and voluntary waiver of the right to counsel").

{¶40} The State of Ohio contends that Victor waived her right to counsel at her January 15, 2014 arraignment. The only evidence of what occurred at the arraignment is the following docket entry: "NOT GUILTY PLEA ENTERED." The totality of the circumstances, however, substantiates the State's contention.

{¶41} On January 16, 2014, a day after her arraignment and purported waiver of counsel, Victor filed the following motions with the Chardon Municipal Court: Defendant's Pro Se Motion for Suppression [of] Statements; Defendant's Pro Se Motion for Demand for Bill of Particulars from Prosecution; Motion to Reinstate Driver's License; Defendant's Pro Se Motion for Notice of Intention to Use Evidence by Prosecution; Motion to Demand Jury Trial; and Motion to Compel Discovery.

{¶42} Thereafter, Victor conducted her defense through trial with evident diligence and awareness of the issues and their consequences. In a sworn statement filed with this court, Victor further evidenced her voluntary, knowing, and intelligent decision to waive counsel:

> After being Arraigned, This Pro Se Defendant met with a Court-Appointed Public Defender, and was advised. That no Pretrial Motions would be filed, and they would get the best guilty plea they could for the Defendant. Because the Chardon Municipal Court is a Guilty Plea Court. That obtains a 97% Conviction Rate by retained/court-appointed state licensed 'practicing' attorneys never filing a single motion, and having all their clients waive their rights to preserve/maintain the status quo in the Chardon Municipal Court. So this Defendant choose [sic] to practice her Federal Constitutional Right to Self-Representation and Waived her Right on record/form to a meaningless Court-Appointed Public Defender Representing her in name only, and filed any/all of her own pertinent Pretrial Motions supported by both State/Federal case law as determined by both State Appellate Courts and the US Supreme Court * * *.

Defendant-Appellant's Pro Se Proferred [sic] Statement in Lieu of Transcript and Affidavit in Support of Assignments of Error, at 4. *Also* Assignments of Error and Brief [of] Suny Victor, at 28 ("[t]his Pro Se Defendant waived her Right to Counsel throughout

11

all critical stages of Trial Court Proceedings after being Advised, except for at Sentencing").

{¶43} In light of the record before us and Victor's own sworn statement, there can be little doubt that Victor executed a valid waiver of her right to counsel. Accordingly, her convictions should be affirmed.