[Cite as *State v. Kosova*, 2016-Ohio-4924.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0024** |
| KLARITA KOSOVA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2015 TRD 01895.

Judgment: Affirmed.

*Dennis M. Coyne*, City of Chardon Prosecutor, 111 Water Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Klarita Kosova*, pro se, 12901 Wingale Road, Hiram, OH 44234 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}    Appellant, Klarita Kosova, appeals from the May 22, 2015 judgment of the Chardon Municipal Court, finding her guilty of a stop sign violation and fining her $75. For the reasons that follow, we affirm.

{¶2}    On April 5, 2015, appellant was issued a traffic citation for failing to stop at a stop sign, in violation of ORD 331.19, a minor misdemeanor. On April 22, 2015, appellant entered a not guilty plea and filed a time waiver under R.C. 2945.71.

**{¶3}** A bench trial was held on May 22, 2015.[1]

**{¶4}** Robert Simmons, an officer with the Village of Burton, testified for appellee, the state of Ohio. Officer Simmons stopped appellant for an "absolute, blatant stop sign violation" which occurred at the intersection of Rapids Road and Route 87. The incident happened at approximately 8:50 p.m. on a clear weather evening. The officer observed appellant's black car go through the stop sign which caused another vehicle, silver in color, to brake "aggressively" in order to avoid an accident. The posted speed limit is 35 miles per hour. The officer said that appellant did not make an attempt to stop at all and drove through the intersection at a speed of about 15 to 20 miles per hour. The officer further testified that during the stop, appellant was constantly "badgering" him the whole time. She called him a "traffic nazi" and kept twirling the ticket book in a circular motion. At several points, the officer asked appellant to please calm down but she did not.

**{¶5}** On cross-examination, appellant wanted to know the brand of the silver car. Officer Simmons responded that it was "a silver, smaller car, smaller vehicle." Appellant then inquired how the officer could prove that she used the word "nazi cop." The trial judge indicated that that was the officer's "word," "under oath." Appellant also brought up the fact that she has insurance. She then requested an attorney to represent her. The trial judge replied, "It's too late, Ms. Kosova. * * * You waived that right. We have commenced a trial here."

**{¶6}** Thereafter, appellant asked if there was a video showing that she committed a stop sign violation. The prosecutor replied, "No." Officer Simmons stated at the time of the stop, he "didn't know that the cameras [dash cam video] weren't

---

1. Appellant represented herself pro se.

2

working in the vehicle." Appellant asked how can the state prove that she failed to stop at the stop sign. The prosecutor responded, Officer Simmons "just testified to it." Appellant then said there is no evidence that she was argumentative to the officer during the stop. The trial judge replied, "That's for me to decide."

{¶7} On re-direct examination, the prosecutor handed Officer Simmons State's Exhibit 1. The officer identified it as his statement of facts from the date of the traffic stop. The officer explained where his cruiser was stopped and indicated that he could see between 100 to 150 feet down Rapids Road. Appellant told the officer she had GEICO insurance but she never showed him her insurance card.

{¶8} According to appellant, she was going to pick up her daughter and had driven "that road 100 - - 10,000 times." Appellant mentioned her educational background and indicated she knows the rules and abides by them. Appellant said she stopped at the stop sign and saw no other cars. When appellant saw the cruiser's flashing lights behind her, she stopped "immediately." Appellant did not have her registration when she was pulled over. Appellant said the officer should not have asked her for it "like three times" because she told him she had the sticker on her license plate. Appellant denied being argumentative during the stop and said there was no proof that she was argumentative because there is no video. Appellant claimed Officer Simmons was not telling the truth.

{¶9} Following trial, the court found appellant guilty of the stop sign violation and fined her $75. Appellant timely appealed and raises, pro se, the following four assignments of error:[2]

2. Appellant filed a notice of appeal on June 22, 2015. Appellant filed a pro se brief with this court on August 3, 2015. The state did not file an appellate brief or attend the oral argument which was held on

3

{¶10} "[1.] The trial Court Erred in concluding that there was Evidence Beyond a Reasonable Doubt that Defendant-Appellant proceeded through the intersection without stopping.

{¶11} "[2.] The trial court erred when Convicting Defendant while failing to review the entire record, weight (sic) the evidence and all reasonable inferences, considered the credibility of witness (sic) and determine whether in resolving conflicts in the evidence by creating a manifest miscarriage of justice.

{¶12} "[3.] The trial judge abused her discretionary judgment when refused (sic) the Defendant-Appellant's request for an attorney when the state's sole witness obstructed the proceedings by adding additional unsupported facts into evidence.

{¶13} "[4.] The trial judge abused her discretionary judgment when allowed (sic) the prosecutor to process (sic) with closing argument after he had previously waived his right to do so."

{¶14} In her first assignment of error, appellant argues the trial court erred in concluding there was evidence that she proceeded through the intersection without stopping.

{¶15} In her second assignment of error, appellant contends the trial court erred in convicting her because it failed to review the entire record, weigh the evidence and all

January 27, 2016. On February 1, 2016, Attorney Thomas Gilbert filed a "Notice of Appearance" – "Motion for Continuance" indicating that appellant had retained him as her counsel two days before the January 27, 2016 oral argument. Attorney Gilbert requested a "continuance" so that he could supplement the record and file a transcript of the trial court proceedings. This court granted Attorney Gilbert's motion on March 2, 2016, stating that "Appellant * * * has 30 days from the date of this entry to supplement the record with the trial court transcript." On March 9, 2016, appellant filed a pro se notice of release of legal counsel. Two days later, Attorney Gilbert filed a motion to withdraw as attorney of record for appellant. This court granted Attorney Gilbert's motion to withdraw on March 18, 2016. On March 30, 2016, appellant filed the trial court transcript.

reasonable inferences, consider the credibility of witnesses, and created a manifest miscarriage of justice.

{¶16} Because appellant's first and second assignments of error are interrelated, as they both challenge the weight of the evidence, we will address them together.

{¶17} This court stated in *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *14-15 (Dec. 23, 1994):

{¶18} "'[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.

{¶19} "'In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, *weighs the evidence* and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)'" (Citations omitted.) * * *" (Emphasis sic.) (Citations omitted.)

{¶20} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). The trier of fact is in the best position to assess the credibility of witnesses. *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967).

{¶21} In reviewing and weighing all the evidence presented, we determine that a trier of fact could reasonably conclude appellant was guilty of the charged offense. The trier of fact heard all of the evidence presented by the state and its witness, Officer

5

Simmons, establishing appellant's guilt for the crime committed. As stated, Officer Simmons stopped appellant, who became argumentative with the officer, for an "absolute, blatant stop sign violation." The officer observed appellant's black car go through the stop sign which caused another vehicle, silver in color, to brake "aggressively" in order to avoid an accident. The posted speed limit is 35 miles per hour. The officer said appellant did not make an attempt to stop at all and drove through the intersection at a speed of about 15 to 20 miles per hour.

{¶22} The trier of fact also heard all of the evidence presented by the defense and from appellant. Again, appellant testified she stopped at the stop sign and saw no other cars. Appellant denied that she was argumentative during the stop and said there was no proof that she was argumentative because there is no video. Appellant claimed Officer Simmons was not telling the truth.

{¶23} Based on the facts presented, the trier of fact apparently placed great weight on and chose to believe the state's witness. *DeHass, supra*, at paragraph one of the syllabus. We cannot say the trier of fact clearly lost its way in finding appellant guilty of the stop sign violation. *Schlee, supra*, at *14-15; *Thompkins, supra*, at 387.

{¶24} Appellant's first and second assignments of error are without merit.

{¶25} In her third assignment of error, appellant alleges the trial court abused its discretion in denying her request for counsel during the cross-examination of Officer Simmons.

{¶26} The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court

6

"applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.2008).

{¶27} The Sixth and Fourteenth Amendments to the United States Constitution guarantee that criminal defendants brought to trial must be afforded the right to the assistance of counsel before they can be validly convicted and punished by imprisonment. *State v. Victor*, 11th Dist. Geauga Nos. 2014-G-3220 and 2014-G-3241, 2015-Ohio-5520, ¶18, quoting *Village of Highland Hills v. Nicholson*, 8th Dist. Cuyahoga No. 100577, 2014-Ohio-4671, ¶11, citing *Powell v. Alabama*, 287 U.S. 45 (1932); *Gideon v. Wainwright*, 372 U.S. 335 (1963). "'In some cases, defendants choose to forgo that right and represent their own interests before a criminal tribunal. That is also their right under the constitutions of this state and this nation.'" *Victor, supra,* at ¶18, quoting *Nicholson, supra,* at ¶11, citing *State v. Reed*, 74 Ohio St.3d 534, 535 (1996), citing *Faretta v. California*, 422 U.S. 806, 821 (1975).

{¶28} "'When defendants manage their own defense, however, they relinquish, "as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta* at 834. For this reason, in order to represent themselves, defendants must "knowingly and intelligently" forgo those relinquished benefits. *Id.* at 835.'" *Victor, supra,* at ¶19, quoting *Nicholson, supra,* at ¶12. "'To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right.'" *Victor, supra,* at ¶20, quoting *Nicholson, supra,* at ¶13, citing *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus.

**{¶29}** In matters involving minor misdemeanors, however, although a minor misdemeanant may choose to be represented by counsel, there is no right to court-appointed counsel at state's expense. *See State v. Smith*, 11th Dist. Ashtabula No. 2013-A-0061, 2014-Ohio-2115, ¶8 ("[b]oth the Ohio Supreme Court and the United States Supreme Court have held that the right to court-appointed counsel only attaches to charges where there is a potential of jail or prison being imposed as a penalty." *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979); *State v. Buchholz*, 11 Ohio St.3d 24, 26 (1984)).

**{¶30}** This case involves a minor misdemeanor and a $75 fine. We note that appellant was not faced with jail time. We further note that appellant is not indigent. The record establishes that appellant was advised of her right to counsel and that she waived it. Prior to the start of trial, the trial judge discussed with appellant that she had a right to an attorney and the right to a continuance to obtain counsel. The trial judge also told appellant that she could choose to waive those rights. Having explained that, the trial judge asked appellant, "is it still your wish to knowingly, intelligently, and voluntarily, waive your right to counsel and proceed representing yourself?" Appellant replied, "Yes." The trial judge noted, "So waived." During the cross-examination of Officer Simmons, however, appellant requested the assistance of an attorney. The trial judge properly replied, "It's too late, Ms. Kosova. * * * You waived that right. We have commenced a trial here." *See, e.g., State v. Deniro*, 11th Dist. Ashtabula No. 93-A-1775, 1994 Ohio App. LEXIS 5708, *10 (Dec. 16, 1994) (once a criminal defendant has properly waived her right to counsel she cannot later request the assistance of counsel by, in essence, alluding that her own representation is somehow ineffective.)

8

**{¶31}** The record before us reveals appellant knowingly, intelligently, and voluntarily waived her right to counsel prior to starting the May 22, 2015 bench trial. Accordingly, the trial court did not abuse its discretion in denying appellant's request for counsel during the cross-examination of Officer Simmons.

**{¶32}** Appellant's third assignment of error is without merit.

**{¶33}** In her fourth assignment of error, appellant contends the trial court abused its discretion in allowing the prosecutor to proceed with closing argument after he had previously waived his right to do so.

**{¶34}** If the prosecution initially waives its closing argument, a trial court does not abuse its discretion by allowing the state to rebut the defense's closing argument. *See State v. Hammond*, 4th Dist. Ross No. 1067, 1985 Ohio App. LEXIS 6899, *4-5 (July 19, 1985), citing *State v. Jenkins*, 15 Ohio St.3d 164 (1984), paragraph eleven of the syllabus.

**{¶35}** Here, the record reveals that immediately following the conclusion of appellant's testimony, the trial judge asked the prosecutor if there would be any cross-examination. The prosecutor replied, "Absolutely not, Your Honor." After appellant stepped down from the stand, the prosecutor told the court that the state was waiving closing argument. Appellant then proceeded with her closing argument, indicating, inter alia, that Officer Simmons was a liar. After appellant's closing argument, the prosecutor began speaking. Appellant interjected and stressed that the prosecutor waived closing argument. The trial court allowed the prosecutor to proceed. The trial court did not abuse its discretion in permitting the prosecutor to rebut the defense's closing

9

argument.  *See Hammond, supra,* at 4-5; *Jenkins, supra,* at paragraph eleven of the syllabus.

{¶36}  Appellant's fourth assignment of error is without merit.

{¶37}  For the foregoing reasons, appellant's assignments of error are not well-taken.  The judgment of the Chardon Municipal Court is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.