OPINION
{¶ 1} Plaintiff-appellant Adeline Godby appeals the September 21, 2004 Order on Motion to Dismiss entered by the Richland County Court of Common Pleas, which granted the Civ. R. 12(B)(6) motion to dismiss of defendant-appellee Med Central Health System ("Med Central").
 STATEMENT OF THE CASE AND FACTS {¶ 2} On February 13, 2004, appellant filed a Complaint in the Richland County Court of Common Pleas, alleging she was injured at Med Central's facility on February 1, 2003, after being improperly placed on a stretcher by a security guard employed there. Med Central filed a Motion to Dismiss pursuant to Civ. R. 12(B)(6) on August 3, 2004. Therein, Med Central asserted appellant's complaint should be dismissed as her claim was barred by the one year statute of limitations set forth in former R.C. 2305.11(B). In response, appellant argued under former R.C. 2305.11(D)(3), which was in effect on the date of the alleged injury, her claim was not a "medical claim," which was defined by the former statute as that "arising out of the medical diagnosis, care, or treatment of any person," and as such, the claim was subject to the two year statute of limitations for a personal injury action. Via Order on Motion to Dismiss filed September 21, 2004, the trial court found appellant's claim was a medical claim and was required to be commenced within one year after the cause of action occurred.
 {¶ 3} It is from this order appellant appeals, raising as error:
 {¶ 4} "I. The trial court committed prejudicial error by granting the motion to dismiss filed by defendant Med Central Health System based on the statute of limitations."
 I {¶ 5} Herein, appellant maintains the trial court erred in granting Med Central's motion to dismiss based upon the statute of limitations. We disagree.
 {¶ 6} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228, overruled in part on other grounds, 62 Ohio St.3d 541. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Stateex rel. Hanson v. Guernsey County Bd. of Comm'r (1992), 65 Ohio St.3d 545. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.
 {¶ 7} The central issue for determination by this Court is whether appellant's claim is a medical claim under former R.C. 2305.11(B);[1]
therefore, subject to the one year statute of limitations set forth therein.
 {¶ 8} Former R.C. 2305.11(D)(3) defined a "medical claim" as "any claim that is asserted in any civil action against a * * * hospital, against any employee or agent of a * * * hospital * * * and that arises out of the medical diagnosis, care, or treatment of any person * * * [and] includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person."
 {¶ 9} In Long v. Warren Gen. Hosp. (1997), 121 Ohio App.3d 489, the Eleventh District Court of Appeals addressed the issue of "whether the term `medical claim,' as defined in R.C. 2305.11(D)(3), includes a claim for hospital employees' negligent instructions and assistance in transporting a patient to a physician-ordered diagnostic test, which results in injury to the patient." Id. at 491. In reaching an affirmative answer to this question, the Long Court analyzed the explanation of the definition of "medical claim" set forth by the Ohio Supreme Court in Romev. Flower Mem. Hosp. (1994), 70 Ohio St.3d 14:" `[C]are' as used in R.C.2305.11(D)(3) (where the word is preceded by terms such as `physician,' `hospital,' `nurse,' and `medical diagnosis') means `the prevention or alleviation of a physical or mental defect or illness.' * * * The terms `medical diagnosis' and `treatment' relate to the `identification and alleviation of a physical or mental illness, disease, or defect.'" Long,
supra at 491-492. The Eleventh District concluded appellant Long's claim was a "medical claim", finding the transport of appellant Long to the colonoscopy test was "ancillary to and an inherently necessary part of" his diagnosis and treatment. Id. at 492 (Citation omitted).
 {¶ 10} We find the placement of appellant on the stretcher was "ancillary to and an inherently necessary part of" her diagnosis and treatment. Rome, supra at 16. The facts as alleged in appellant's Complaint give rise to a "medical claim," as defined in former R.C.2305.11(D)(3), and the applicable statute of limitations for this cause of action is one year. R.C. 2305.11(B)(1). Accordingly, appellant's claim is barred by the statute of limitations.
 {¶ 11} Appellant's sole assignment of error is overruled.
 {¶ 12} The judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellant.
Hoffman, J., Boggins, P.J. and Gwin, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellant.
[1] Appellant conceded at oral argument in this matter her claim would be time barred under R.C. 2305.113, effective April 11, 2003, as it falls within the new definition of "medical claim".