[Cite as *State v. Banks*, 2016-Ohio-4925.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-128** |
| DAJUAN L. BANKS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 07 CR 000751.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Dajuan L. Banks,* pro se, PID: A560-248, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Dajuan L. Banks appeals from the judgment entry of the Lake County Court of Common Pleas, denying his post sentence motion to withdraw his guilty plea, made pursuant to Crim.R. 32.1. Finding no error, we affirm.

{¶2} In January 2008, Banks was indicted by the Lake County Grand Jury on three counts of aggravated murder, each carrying a death penalty specification, and

firearm specifications; two counts of aggravated burglary, with firearm specifications; and one count of kidnapping, with a firearm specification. The indictment arose from his extraordinarily brutal murder of Sam Nicholson in October 2007. *State v. Banks*, 11th Dist. Lake No. 2008-L-177, 2009-Ohio-6856, ¶2. Banks was jealous that Mr. Nicholson was dating Banks' ex-girlfriend, Jackie Duncan. *Id.* Banks entered Mr. Nicholson's home; held him at gunpoint; struck him in the head with the gun; forced Mr. Nicholson to lie on the floor; then, slit his throat, so Ms. Duncan would find his bloodstained corpse when she returned home. *Id.*

{¶3} Banks pleaded not guilty to all charges. Extensive motion practice took place. *Banks*, *supra*, at ¶7-11. Banks then entered a plea deal with the state, filing a motion to withdraw his not guilty plea October 20, 2008. Under the deal, Banks pleaded guilty to aggravated murder, aggravated robbery, and kidnapping, all with firearm specifications. *Id.* at ¶12. In return, the state agreed to nolle prosequi the death penalty specifications, and the remaining counts of the indictment. *Id.* After hearing, the trial court accepted the plea, and sentenced Banks to life imprisonment without the possibility of parole for the aggravated murder, two ten year terms for the aggravated robbery and kidnapping, respectively, and three years on merged firearm specifications.

{¶4} Banks appealed, and we affirmed. *Banks* at ¶39.

{¶5} October 16, 2015, Banks filed the motion subject of this appeal. The state opposed the motion. November 4, 2015, the trial court filed its judgment entry denying the motion. Banks timely appealed, assigning three errors.

{¶6} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct *manifest injustice* the

2

court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." (Emphasis added.)

{¶7} We review a trial court's decision to grant or deny a post sentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 for abuse of discretion. *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶21. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶8} In *State v. Derricoatte*, 11th Dist. Ashtabula No. 2012-A-0038, 2013-Ohio-3774, ¶18, we stated:

{¶9} "This court has defined the term 'manifest injustice' as a 'clear or openly unjust act.' *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011 Ohio 6512, ¶12. Pursuant to this standard, extraordinary circumstances must exist before the granting of a post-sentencing motion to withdraw can be justified. *Id.* 'The rationale for this high standard is "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe."' [*State v.*] *Robinson*, [11th Dist. Lake No. 2011-L-145,] 2012 Ohio 5824, at ¶14, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67, * * * (1985)." (Parallel citations omitted.)

3

{¶10} Banks' first assignment of error reads: "Lake County violated appellant, a Dajuan Banks' Sixth Amend (sic) right to effective assistance of court appointed counsel."

{¶11} Banks argues his trial counsel did not try to prove his innocence.

{¶12} The evidence of Mr. Banks' guilt is overwhelming. It includes Banks' interrogation by police, wherein he admitted plotting the murder, and informing aghast family and friends what he intended to do. Trial counsel conducted a full defense, and did his best by negotiating with the state to have the death penalty specifications dropped. Thus, there is no manifest injustice in denying the motion to withdraw the guilty plea in this case. The trial court did not abuse its discretion in denying the Crim.R. 32.1 motion. The assignment of error lacks merit.

{¶13} Banks' second assignment of error reads: "The State violated appellant, Dajuan Banks' Brady Rights in withholding evidence vital for his defense." In fact, Banks does not seem to argue the state withheld any evidence. Rather, he asserts that evidence taken from his residence, videos evidently showing him in the area of the murder, the reports by the coroner, and his psychological evaluation, were not valid evidence.

{¶14} This argument is substantively untrue: all of these matters related to the proof of Banks' guilt, and the appropriate sentence. No manifest injustice exists on this issue: the trial court did not abuse its discretion in failing to grant the Crim.R. 32.1 motion on this basis.

{¶15} The second assignment of error lacks merit.

{¶16} Banks' third assignment of error reads: "On the authority of *State v. Lott,* 97 Ohio St.3d 303, and *Atkins v. Virginia*, 536 U.S. 304, appellant's conviction and sentence <u>must</u> be vacated."

{¶17} Banks admittedly has a low I.Q. He asserts the psychologist testifying at the change of plea hearing lied when he stated Banks was sufficiently intelligent to understand the proceedings, the rights he was waiving by entering a plea, and to make a knowing, voluntary, and intelligent plea.

{¶18} Dr. John M. Fabian, Psy.D., J.D., conducted the psychological evaluation of Banks, and testified at the change of plea hearing. Dr. Fabian testified he has conducted about 350 competency evaluations in court proceedings. He had six interviews with Banks, totaling some ten hours. He noted his evaluation was somewhat hampered by the fact the Cleveland school system could not produce Banks' school records prior to high school, thus depriving him of an historical record of Banks' mental development. His ultimate conclusion was that Banks had an I.Q., at the time, of 66, and that his academic functioning was at a third to fourth grade level, or that of a nine or ten year old. He testified this score meant Banks suffers from mild mental retardation. He further testified he had no doubt Banks was competent to stand trial, and participate in the plea hearing. Dr. Fabian gave this assurance both to the assistant prosecutor, and the trial court directly, when questioned by the latter.

{¶19} Trial counsel also assured the court his client was competent. The record shows that Banks lived on his own, and had a consistent employment history as a security guard, receiving excellent reports from his superiors, and frequently supervising other employees.

{¶20} Based on this, we cannot conclude that Banks' mental functioning was such that he did not knowingly, intelligently, and voluntarily waive his rights and enter a valid plea. No manifest injustice pertains to this issue, and the trial court did not abuse its discretion in rejecting it as a basis for granting the subject Crim.R. 32.1 motion.

{¶21} The third assignment of error lacks merit.

{¶22} The assignments of error lacking merit, the judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.