[Cite as *Banks v. State*, 2017-Ohio-4044.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DAJUAN BANKS, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2016-L-033 |
| THE STATE OF OHIO, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2016 CV 000008.

Judgment: Affirmed.

*Dujuan Banks*, pro se, PID: A560-248, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Plaintiff-Appellant).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 and *Debra L. Gorrell Wehrle,* Assistant Attorney General, 150 East Gay Street, Criminal Justice Section, 16th Floor, Columbus, OH 43215 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} Dajuan Banks appeals from the judgment of the Lake County Court of Common Pleas, dismissing his action for wrongful imprisonment for failure to state a claim. The State of Ohio contends the trial court lacked personal jurisdiction of it, and should have dismissed on that basis. Finding no error, we affirm.

{¶2} We recently recounted the facts regarding Banks' criminal case in *State v. Banks*, 11th Dist. Lake No. 2015-L-128, 2016-Ohio-4925, ¶2-4:

{¶3} "In January 2008, Banks was indicted by the Lake County Grand Jury on three counts of aggravated murder, each carrying a death penalty specification, and firearm specifications; two counts of aggravated burglary, with firearm specifications; and one count of kidnapping, with a firearm specification. The indictment arose from his extraordinarily brutal murder of Sam Nicholson in October 2007. *State v. Banks*, 11th Dist. Lake No. 2008-L-177, 2009-Ohio-6856, ¶2. Banks was jealous that Mr. Nicholson was dating Banks' ex-girlfriend, Jackie Duncan. *Id.* Banks entered Mr. Nicholson's home; held him at gunpoint; struck him in the head with the gun; forced Mr. Nicholson to lie on the floor; then, slit his throat, so Ms. Duncan would find his bloodstained corpse when she returned home. *Id.*

{¶4} "Banks pleaded not guilty to all charges. Extensive motion practice took place. *Banks*, *supra*, at ¶7-11. Banks then entered a plea deal with the state, filing a motion to withdraw his not guilty plea October 20, 2008. Under the deal, Banks pleaded guilty to aggravated murder, aggravated robbery, and kidnapping, all with firearm specifications. *Id.* at ¶12. In return, the state agreed to nolle prosequi the death penalty specifications, and the remaining counts of the indictment. *Id.* After hearing, the trial court accepted the plea, and sentenced Banks to life imprisonment without the possibility of parole for the aggravated murder, two ten year terms for the aggravated robbery and kidnapping, respectively, and three years on merged firearm specifications.

{¶5} "Banks appealed, and we affirmed. *Banks* at ¶39."

{¶6} Banks filed this civil action for wrongful imprisonment November 6, 2015.

The trial court mistakenly treated it as a criminal action, and dismissed it November 13, 2015. Thereafter, the state moved the trial court to vacate its November 13, 2015 judgment entry, which it did by a judgment entry filed January 4, 2016. The action was reinstated. November 11, 2016, the state moved to dismiss, alleging the trial court lacked personal jurisdiction over it. February 22, 2016, Banks opposed the motion to dismiss. The trial court struck the brief in opposition February 26, 2016, since it had not been served on the state. March 11, 2016, the trial court filed its judgment entry, granting the motion to dismiss. Initially, the trial court determined it had personal jurisdiction over the state. It proceeded to analyze Banks' complaint under Civ.R. 12(B)(6), and concluded it failed to state a claim under the wrongful imprisonment statute, R.C. 2743.48.

{¶7} Banks timely appealed, assigning three errors. Before dealing with them, however, we must inquire regarding the state's argument the trial court lacked personal jurisdiction over it. While not making a cross assignment of error, the state reiterates this argument on appeal. Its factual basis for the allegation is that Banks did not serve the Lake County Prosecutor with his complaint. Rather, he instructed the Lake County Clerk of Courts to serve the Attorney General of Ohio. The state then points to R.C. 309.09(A), which provides:

{¶8} "The prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, all other county officers and boards, and all tax-supported public libraries, and any of them may require written opinions or instructions from the prosecuting attorney in matters connected with their official duties. The prosecuting attorney shall prosecute and *defend* all suits and actions that any such

3

officer, board, or tax-supported public library directs or to which it is a party, and no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code." (Emphasis added.)

{¶9} The state asserts that the Lake County Prosecutor is the proper person to defend it against Banks' wrongful imprisonment action. Thus, the state maintains the prosecutor had to be served with the complaint in order to establish personal jurisdiction over the state. The state observes that two recent decisions of the courts of common pleas have accepted this reasoning. *See, e.g.*, *Boyd v. State*, Montgomery C.P. No. 2015 CV 05614 (Dec. 29, 2015); *Washington v. State*, Summit C.P. No. CV 2015 11 5316 (Mar. 4, 2016).

{¶10} In *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984) the court stated:

{¶11} "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court."

{¶12} In *State ex rel. Doe v. Capper*, 132 Ohio St.3d 365, 2012-Ohio-2686, ¶15, the court further held that "failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a judgment in the case."

{¶13} We are respectfully unconvinced by the state's argument. As the learned trial court observed, no county official is named in Banks' complaint: he is seeking redress for a civil wrong against the state itself. As the trial court also observed, if the

4

general assembly had intended the prosecutor of the county wherein the wrongful imprisonment action is filed to be the sole proper agent to defend the state, it could have stated so in the statute. It did not. Further, the wrongful imprisonment statute does state: "Upon the filing of a civil action to be determined a wrongfully imprisoned individual, the attorney general shall be served with a copy of the complaint and shall be heard." R.C. 2743.48(B)(1). R.C. 109.02 designates the attorney general as the state's chief law officer, and provides, in pertinent part: "When required by * * * the general assembly, the attorney general shall appear for the state in any court or tribunal in a cause in which the state is a party, or in which the state is directly interested." The fact that a plaintiff in a wrongful imprisonment action must serve the attorney general with a copy of the complaint and the attorney general must be heard, if he so chooses, indicates that service upon him is sufficient to give the trial court personal jurisdiction over the state.

{¶14} We conclude Banks properly served the attorney general, and that the trial court had personal jurisdiction over the state in this case.

{¶15} The trial court dismissed Banks' action for failure to state a claim, Civ.R. 12(B)(6).

{¶16} "The function of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted is to test the legal sufficiency of a statement of a claim for relief. *Thompson v. Stealth Investigations, Inc.*, 2d Dist. Clark No. 2009 CA 86, 2010-Ohio-2844, ¶4. In determining whether or not to grant a motion to dismiss pursuant to Civ.R. 12(B)(6), the court cannot rely on evidence outside the complaint. *Id.* A court cannot dismiss a complaint for failure to state a claim unless it appears beyond

doubt from the complaint that the plaintiff cannot prove a set of facts entitling him to recovery. *Id.* at ¶5. A court must construe the allegations in the complaint in favor of the nonmoving party. *Id.* When determining whether an action should be dismissed pursuant to Civ.R. 12(B)(6) for failure to state a claim, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory. *Id.* at ¶6." *Mayer v. Midland Natl. Life Ins. Co.*, 2d Dist. Montgomery No. 24954, 2012-Ohio-3721, ¶29.

{¶17} We review the decision to grant or deny a motion to dismiss pursuant to Civ.R. 12(B)(6) de novo. *Godby v. Med. Cent. Health Sys.*, 5th Dist. Richland No. 04CA89, 2005-Ohio-2671, ¶6.

{¶18} In order to maintain an action for wrongful imprisonment, a plaintiff must prove, by a preponderance of the evidence, each of the elements set forth at R.C. 2743.48(A). *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, paragraph one of the syllabus. R.C. 2743.48(A) provides:

{¶19} "(A) As used in this section and section 2743.49 of the Revised Code, a 'wrongfully imprisoned individual' means an individual who satisfies each of the following:

{¶20} "(1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.

{¶21} "(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

6

{¶22} "(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

{¶23} "(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

{¶24} "(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person."

{¶25} As the trial court found, Banks cannot satisfy the requirements of R.C. 2743.48(A)(2), which mandates that one who pleads guilty to a crime cannot be a "wrongfully imprisoned individual." He pleaded guilty to aggravated murder. Further, he cannot satisfy R.C. 2743.48(A)(4), since his conviction has not been "vacated, dismissed, or reversed on appeal." Rather, it has been confirmed.

{¶26} The trial court correctly dismissed this case for failure to state a claim, Civ.R. 12(B)(6).

{¶27} Banks' arguments under his assignments of error do not counter this conclusion. His first assignment of error reads: "Lake County violated Plaintiff Dajuan

7

Banks' Sixth Amendment right to effective assistance of court appointed counsel." His second assignment of error reads: "The State of Ohio violas (sic) violated Plaintiff, Dajuan Banks' Brady rights in withholding vital evidence 'for' his defense." His third assignment of error reads: "On the authority of *State* [*v.*] *Lott*, 97 Ohio St.3d 303, and *Atkins* [*v.*] *Virginia*, 536 U.S. 304, Plaintiff Dajuan Banks' conviction and sentence <u>must</u> be vacated."

{¶28} First, we observe that all three assignments of error are directed to Banks' criminal conviction. A civil action for wrongful imprisonment is not a vehicle by which these alleged errors can be raised. Second, Banks made the same arguments in *State v. Banks*, 2016-Ohio-4925. *Id.* at ¶10, 13, and 16. We rejected them in that case, and do so again. *Id.* at ¶11-12, 14-15, 17-20.

{¶29} The assignments of error lack merit.

{¶30} The judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

THOMAS J. WRIGHT, J.,

concur.