[Cite as *State v. Victor*, 2017-Ohio-8805.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-G-0116** |
| SUNY L. VICTOR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Chardon Municipal Court, Case No. 2014 TRC 00144.

Judgment: Affirmed.

*James M. Gillette*, City of Chardon Police Prosecutor, PNC Bank Building, 117 South Street, Suite 208, Chardon, OH 44024 (For Plaintiff-Appellee).

*Suny L. Victor*, pro se, 10718 Johnnycake Road, Concord Township, OH 44070 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Suny L. Victor, appeals from the April 7, 2017 judgment of the Chardon Municipal Court, denying her post-sentence motion to withdraw no contest plea. Finding no reversible error, we affirm.

{¶2} By way of background, on January 11, 2014, a criminal complaint was filed against appellant for OVI, in violation of R.C. 4511.19(A)(1)(a), and failure to

control, in violation of R.C. 4511.202.[1]  Appellant pleaded not guilty to both charges and waived her right to a speedy trial.

{¶3}   Appellant filed numerous pro se motions, including a motion to suppress on January 16, 2014.  A suppression hearing was held on May 6, 2014.  Present in court was the prosecutor, on behalf of the state, and appellant, pro se.  Also present was the state's witness, John R. Nemastil, a trooper with the Ohio State Highway Patrol.

{¶4}   Trooper Nemastil testified he was called to the scene of an accident on Wisner Road at Mitchell's Mills, in Chardon, Geauga County, Ohio.  When Trooper Nemastil arrived, two Kirtland Hills police officers were already there.  Trooper Nemastil observed that a vehicle had struck a tree.  The weather conditions were cold with light rain.  The pavement was wet with no snow or ice on the road surface.

{¶5}   Two people, identified as appellant and Michael Myers, were sitting in a Kirtland Hills police cruiser.  Appellant and Mr. Myers both indicated appellant was the driver of the car which struck the tree.  Appellant had no visible signs of injuries but complained of knee pain.  She was evaluated by medical personnel at the scene and signed a waiver declining medical treatment.  Mr. Myers suffered a laceration to his head and was transported to the hospital for treatment.

{¶6}   Trooper Nemastil described appellant as calm at times and emotional at other times.  Appellant had difficulty writing a statement.  Trooper Nemastil said the statement was illegible and made no sense.  Trooper Nemastil noticed appellant's eyes

---

1. The background was taken from appellant's prior appeals with this court, Case Nos. 2014-G-3220 and 2014-G-3241, in which we reversed and remanded. *State v. Victor*, 11th Dist. Geauga Nos. 2014-G-3220 and 2014-G-3241, 2015-Ohio-5520, ¶2-16 (Wright, J., concurred in judgment only, and Grendell, J., dissented with a Dissenting Opinion).

2

were red, bloodshot, and glossy.  He smelled a strong odor of an alcoholic beverage emanating from her person.  Appellant claimed she had nothing to drink.

{¶7}  Trooper Nemastil next conducted field sobriety tests in compliance with the NHTSA standards.  Appellant demonstrated six clues on the first test (HGN).  She refused to perform the remaining two tests (one leg stand and walk-and-turn).  Trooper Nemastil placed appellant under arrest.  At the station, appellant refused to submit to a breath, urine, or blood test.

{¶8}  Following the hearing, the trial court denied appellant's pro se motion to suppress.  The court found Trooper Nemastil had probable cause to arrest appellant based upon the accident and the six clues on the HGN test.

{¶9}  A jury trial was held on June 19, 2014.  Present in court was the prosecutor, on behalf of the state, and appellant, pro se.  Appellant made various missteps and exhibited some confusion during voir dire and trial.[2]

{¶10}  Trooper Nemastil testified for the state.  In all major respects, his testimony was the same as provided at the suppression hearing.  The jurors viewed the cruiser dash cam video, wherein appellant stated she was coming from a friend's house and denied consuming any alcohol.  (State's Exhibit 1).  The jurors were also shown a DVD of the traffic crash photos taken by Trooper Nemastil.  (State's Exhibit 2).

{¶11}  Appellant called a few witnesses, including her mother, Irm Zeigler.  Ms. Zeigler claimed the roads were bad on the day of her daughter's accident.

---

2. For example, a peremptory challenge was not utilized to dismiss a juror whose spouse was a member of MADD; appellant stumbled in her attempts to call a witness; and a booking video which purportedly would have shown appellant was not acting intoxicated was not introduced.

3

{¶12} Following trial, the jury returned a guilty verdict on both charges as contained in the criminal complaint. Thereafter, appellant filed numerous pro se motions, including a motion for new trial, which were denied.

{¶13} On July 8, 2014, the trial court sentenced appellant to serve 180 days in jail, with 177 days suspended on conditions. The court also suspended appellant's driver's license for 180 days and ordered her to pay a $375 fine.[3] Appellant timely appealed to this court, Case No. 2014-G-3220. Appellant's sentence was stayed pending appeal.

{¶14} Appellant filed more pro se motions with the trial court, including a motion for reconsideration and/or to "purge," which were denied on November 26, 2014. Appellant filed another appeal with this court, Case No. 2014-G-3241.

{¶15} As appellant's appeals both stemmed from Chardon Municipal Court Case No. 2014 TRC 00144, which involved OVI and failure to control, and were interrelated, this court sua sponte consolidated those appeals. This court found appellant indigent, appointed her appellate counsel, and granted her a transcript of the jury trial at state's expense. On appeal, appellant asserted she was denied her constitutional right to counsel during the trial proceedings.

{¶16} On December 31, 2015, this court reversed the judgment of the Chardon Municipal Court and remanded the matter for a new trial wherein appellant was to be represented by counsel, unless she made a knowing, intelligent, and voluntary waiver. *Victor,* 2015-Ohio-5520, ¶37.

---

3. The trial court issued a nunc pro tunc entry on September 10, 2014 which includes the plea, finding of guilty, and sentence.

4

**{¶17}** Appellant later appeared before the trial court on January 20, 2017. She entered a no contest plea to an amended charge of reckless operation, a minor misdemeanor, in violation of R.C. 4511.20. The court accepted her plea and found her guilty of that charge. Failure to control and a contempt charge were dismissed. The court ordered her to pay costs but did not impose a fine.

**{¶18}** Following the sentence, appellant filed a pro se motion to withdraw her no contest plea on April 6, 2017. The next day, the trial court denied her motion. Appellant filed the instant appeal, Case No. 2017-G-0116, and raises the following pro se assignment of error:

**{¶19}** "Did the trial court judge abuse her discretion, create manifest injustice, substantially err; prejudice this defendant-appellant; and/or was it's (sic) decision to deny this pro se defendant-appellant of the right to withdraw a illusionary and involuntary guilty plea obtained under duress for 'contempt/failure to control' contrary to, or involve a unreasonable application of clearly established federal law as determined by the U.S. Supreme Court. After this defendant-appellant timely filed a 'motion to purge' prior to illusionary and involuntary guilty plea that she had right to speedy trial or dismissal of charges with prejudice for failure to re-try a reversed OVI charge by this Honorable Eleventh District Court of Appeals?"

**{¶20}** Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct *manifest injustice* the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." (Emphasis added.)

5

{¶21} We review a trial court's decision to grant or deny a post-sentence motion to withdraw a guilty plea or no contest pursuant to Crim.R. 32.1 for abuse of discretion. *State v. Banks*, 11th Dist. Lake No. 2015-L-128, 2016-Ohio-4925, ¶7, citing *State v. Wilkey,* 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶21. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto,* 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland,* 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶22} "'This court has defined the term "manifest injustice" as a "clear or openly unjust act." *State v. Wilfong,* 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶12. Pursuant to this standard, extraordinary circumstances must exist before the granting of a post-sentencing motion to withdraw can be justified. *Id.* "The rationale for this high standard is 'to discourage a defendant from pleading guilty [or no contest] to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe.' "(*State v.*) *Robinson,* (11th Dist. Lake No. 2011-L-145,) 2012-Ohio-5824, at ¶14, quoting *State v. Caraballo,* 17 Ohio St.3d 66, 67, (* * *) (1985).' (Parallel citations omitted.)" *Banks, supra,* at ¶9, quoting *State v. Derricoatte,* 11th Dist. Ashtabula No. 2012-A-0038, 2013-Ohio-3774, ¶18.

6

{¶23} Appellant entered a no contest plea to a traffic offense, an amended charge of reckless operation, in which she was found guilty.[4] Traf.R. 10, "Pleas; rights upon plea," states in part:

{¶24} "(B) Effect of Guilty or No Contest Pleas. With reference to the offense or offenses to which the plea is entered:

{¶25} "* * *

{¶26} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶27} "* * *

{¶28} "(D) Misdemeanor Cases Involving Petty Offenses. In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. This information may be presented by general orientation or pronouncement."

---

4. Appellant argues at length about a contempt charge filed by the trial court. However, as stated, the contempt charge was dismissed. Thus, it is not an issue on appeal. In addition, the charge to which appellant entered a no contest plea and was found guilty is a minor misdemeanor and does not include a sentence of possible incarceration. Thus, any assertion made by appellant that she was entitled to representation at the plea hearing is without merit. *See Willard v. Wertz,* 6th Dist. Huron No. H-00-001, 2001 WL 376391, *1 (Apr. 13, 2001) (It is well settled in Ohio that an individual charged with a minor misdemeanor, who faces no possible jail time as a sentence, is not entitled to appointed counsel.)

7

**{¶29}** We are aware that appellant is a pro se litigant in this matter. "'It is true that a court may, in practice, grant a certain amount of latitude toward pro se litigants.' *Goodrich v. Ohio Unemp. Comp. Rev. Comm.,* 10th Dist. No. 11AP473, 2012-Ohio-467, ¶25, citing *Robb v. Smallwood,* 165 Ohio App.3d 385, 2005-Ohio-5863, ¶5 (4th Dist.2005). 'However, the court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel.' *Id.* Although we recognize the difficult task a pro se litigant faces when representing [her]self, we must adhere to the established rule that '"(a) pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court."' *Lopshire v. Lopshire,* 11th Dist. No. 2008-P-0034, 2008-Ohio-5946, ¶32, quoting *Metzenbaum v. Gates,* 11th Dist. No. 2003-G-2503, 2004-Ohio-2924, ¶7, citing *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363 (8th Dist.1996)." *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶22; *see also State v. Perry*, 11th Dist. Trumbull No. 2014-T-0029, 2015-Ohio-1221, ¶15.

**{¶30}** Based upon the record before this court, we fail to see any manifest injustice. Pursuant to this standard, because no extraordinary circumstances exist, a granting of the post-sentencing motion to withdraw would not have been justified. *Banks, supra,* at ¶9.

**{¶31}** At oral argument, appellant stressed that this matter has been ongoing for too long. Appellant indicated she is "exhausted," "done," just wants to "move on," and seeks finality. We note that appellant has fought a good fight and ended up with a good, ultimate result.

8

{¶32} This court has reviewed the record before us, including all pleadings, the June 19, 2014 jury trial transcript, state's exhibits, DVDs, and recordings. In this case, appellant specifically takes issue with her plea but has not provided a transcript of the January 20, 2017 hearing. Contrary to appellant's position, the record in this case does not establish that appellant was denied a transcript. On her May 1, 2017 notice of appeal, appellant checked the box that a transcript was completed and made part of the record. However, no written transcript of the January 20, 2017 plea hearing is contained in the record before this court. Appellant also checked the box on her notice of appeal that an App.R. 9(C) or (D) statement was to be prepared in lieu of a transcript. However, no such statement was ever properly filed. Rather, appellant filed her appellate brief in this court on June 20, 2017 and included a "Pro Se Sworn Statement in Lieu of Transcript." However, appellant did not submit the statement to the trial court for approval and, thus, failed to comply with App.R. 9. *See Spofforth v. Brown*, 4th Dist. Athens No. 94 CA 1629, 1995 WL 146072, *1-2 (Mar. 30, 1995).

{¶33} The duty to provide a transcript for appellate review falls upon the appellant. App.R. 9(B). As stated, this court has reviewed the entire record, including, inter alia, DVDs and recordings. Although the briefing makes reference to an audio recording with respect to appellant's January 20, 2017 no contest plea, this court notes that an audio recording is not a permitted alternative to a written transcript before an appellate court. *Barksdale v. Ohio Dept. of Rehabilitation and Correction*, 10th Dist. Franklin No. 16AP-297, 2017-Ohio-395, ¶15; Staff Notes to App.R. 9. Appellant's failure to file a written transcript of the January 20, 2017 plea hearing or a statement in compliance with App.R. 9(C) or (D) forces us to overrule her assignment of error.

9

Without a written transcript or App.R. 9 equivalent, we must presume the regularity of the trial court's proceedings, i.e., that the plea hearing proceeded in substantial compliance with Traf.R. 10, and affirm. *See State v. Skala*, 11th Dist. Portage No. 2008-P-0084, 2009-Ohio-5212, ¶12, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see also North Royalton v. Kozlowski*, 8th Dist. Cuyahoga No. 69138, 1996 WL 191771, *2 (Apr. 18, 1996) (Absent a written transcript or statement of proceedings, substantial compliance with Crim.R. 11 must be presumed); Crim.R. 11(E), "Misdemeanor Cases Involving Petty Offenses."

{¶34} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Chardon Municipal Court is affirmed.

THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.