[Cite as *State v. Banks*, 2018-Ohio-5330.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-L-028** |
| - vs - | : | |
| DAJUAN L. BANKS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 07 CR 000751

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077. (For Plaintiff-Appellee).

*Dajuan L. Banks*, Pro se, #A560-248, Grafton Correctional Institution, 2500 S. Avon-Belden Road, Grafton, Ohio 44044 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}   Dajuan L. Banks appeals from the judgment entry of the Lake County Court of Common Pleas, denying his "Demand for Release Due to Void Sentence, via 'Unconstitutional' Statute Used in Imposeing (sic) Sentence on Defendant," which the trial court construed as a petition for post-conviction relief.  Finding no error, we affirm.

{¶2}   In *State v. Banks*, 11th Dist. Lake No. 2015-L-128, 2016-Ohio-4925, ¶2-4, we recounted the facts in the underlying case:

{¶3} "In January 2008, Banks was indicted by the Lake County Grand Jury on three counts of aggravated murder, each carrying a death penalty specification, and firearm specifications; two counts of aggravated burglary, with firearm specifications; and one count of kidnapping, with a firearm specification. The indictment arose from his extraordinarily brutal murder of Sam Nicholson in October 2007. *State v. Banks*, 11th Dist. Lake No. 2008-L-177, 2009-Ohio-6856, ¶2. Banks was jealous that Mr. Nicholson was dating Banks' ex-girlfriend, Jackie Duncan. *Id.* Banks entered Mr. Nicholson's home; held him at gunpoint; struck him in the head with the gun; forced Mr. Nicholson to lie on the floor; then, slit his throat, so Ms. Nicholson would find his bloodstained corpse when she returned home. *Id.*

{¶4} "Banks pleaded not guilty to all charges. Extensive motion practice took place. *Banks*, *supra*, at ¶7-11. Banks then entered a plea deal with the state, filing a motion to withdraw his not guilty plea October 20, 2008. Under the deal, Banks pleaded guilty to aggravated murder, aggravated robbery, and kidnapping, all with firearm specifications. *Id.* at ¶12. In return, the state agreed to nolle prosequi the death penalty specifications, and the remaining counts of the indictment. *Id.* After hearing, the trial court accepted the plea, and sentenced Banks to life imprisonment without the possibility of parole for the aggravated murder, two ten year terms for the aggravated robbery and kidnapping, respectively, and three years on merged firearm specifications.

{¶5} "Banks appealed, and we affirmed. *Banks* at ¶39."

{¶6} Banks has filed other action since his conviction, including a prior petition for post -conviction relief. *See, e.g.*, *State ex rel. Banks v. Collins*, 11th Dist. Lake No. 2015-L-064, 2015-Ohio-3827.

{¶7} Banks filed the motion subject of this appeal November 29, 2017. Banks argued to the trial court that R.C. 2929.14 is unconstitutional, without specifying why. The state opposed Banks' motion, and he replied. In a thorough judgment entry file January 9, 2018, the trial court construed the motion as a successive petition for post-conviction relief, and found it both untimely, and barred by re judicata. Banks timely noticed this appeal, assigning three errors.

{¶8} The first reads: "Off of the testimony from state witness/expert Dr. John Fabian, and the appellate admission defendant, Dajan Banks' plea should be invalid." Dr. Fabian, testifying at Banks' sentencing hearing, stated that he was mildly retarded, but competent. Banks argues that this is wrong, and that he should not have been subjected to a potential death sentence.

{¶9} The second assignment of error reads: "Defendant Dajuan Banks' sentence is 'contrary to law, a nullity, and void, for the use of an unconstitutional statute in Ohio Revised Code section 2929.14." Banks argues that the trial court improperly relied on sentencing factors set forth at R.C. 2929.14 which had been held to be unconstitutional by the Supreme Court in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶10} The third assignment of error reads: "Defendant, Dajuan Banks counsel, Mr. James Gay provided ineffective assistance of court appointed counsel, to this innocent defendant, via *United States vs. Cronic*, 466 U.S. 648." Essentially, Banks reiterates his argument in support of his first assignment of error, that his low I.Q. means that he should never have faced the death penalty.

{¶12} The trial court construed Banks' motion as a petition for post-conviction relief, citing to our decision in *State v. Cromety*, 11th Dist. Trumbull No. 2014-T-0042, 2014-Ohio-4747, ¶22, where we stated:

{¶14} "The Ohio Rules of Criminal Procedure do not expressly provide for a motion to vacate conviction or sentence. 'Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.' *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, * * *, ¶12. 'Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.' *State v. Reynolds,* 79 Ohio St.3d 158, * * * (1997), syllabus; *State v. Weber,* 11th Dist. Lake No.2013–L–080, 2014–Ohio–4133, ¶10; *State v. Wolf,* 11th Dist. Lake Nos. 2009–L–081 and 2009–L–082, 2010–Ohio–2152, ¶13, 16. (Parallel citations omitted.)

{¶15} We agree with the trial court that the subject motion is properly classified as a petition for post-conviction relief. We review a trial court's decision to grant or deny such a petition for abuse of discretion. *Cromety* at ¶29. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

4

{¶16} Initially, we note that void sentences are subject to attack at any time, including by way of collateral attack, and principles of res judicata do not apply. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶30. However, Banks does not point to anything which renders his sentence void.

{¶17} The trial court found the petition untimely. We agree. R.C. 2953.21(A)(2) generally provides that such petitions must be filed within 365 days of the filing of the trial record in the court of appeals on the direct appeal. Banks' direct appeal concluded with the filing of our opinion in *State v. Banks*, 2009-Ohio-6856 on December 24, 2009. This is a second petition for post-conviction relief. R.C. 2953.23(A) provides four limited exceptions to the time limits set forth at R.C. 2953.21(A)(2): (1) that the petitioner has discovered new evidence which he or she could not previously discover; (2) that the United State Supreme Court has recognized a right that applies retroactively to the petitioner; (3) the petitioner shows by clear and convincing evidence constitutional error at trial which prevented any reasonable factfinder from finding the petitioner guilty; (4) DNA evidence clearly and convincingly establishes the petitioner's innocence.

{¶18} None of these exceptions apply to Banks' case. The petition was untimely, and subject to denial for that reason alone.

{¶19} Further, as the trial court found, all of the issues raised presently by Banks are barred by res judicata.

{¶20} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which

5

resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶21} All of these issues – the effect of Banks' limited intelligence, whether R.C. 2929.14 was unconstitutional – were available to him before, and cannot be raised now.

{¶22} The assignments of error lack merit.

{¶23} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.