[Cite as *State v. Banks*, 2022-Ohio-1463.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-L-130** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| DAJUAN L. BANKS, | Trial Court No. 2007 CR 000751 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: May 2, 2022
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Dajuan L. Banks*, pro se, PID# A560-248, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Dajuan L. Banks, appeals the denial of his Motion to Withdraw Guilty Plea Based on Newly Discovered Evidence by the Lake County Court of Common Pleas. For the following reasons, we affirm the decision of the court below.

{¶2} On November 13, 2008, Banks pled guilty to Aggravated Murder, Aggravated Burglary, and Kidnapping. On November 17, Banks was sentenced to life without parole for Aggravated Murder and to consecutive ten-year prison terms for Aggravated Burglary and Kidnapping. Banks' pleas were affirmed on direct appeal in

*State v. Banks*, 11th Dist. Lake No. 2008-L-177, 2009-Ohio-6856. The denial of a previous Motion to Withdraw Guilty Plea was affirmed in *State v. Banks*, 11th Dist. Lake No. 2015-L-128, 2016-Ohio-4925. The denial of a motion for postconviction relief was affirmed in *State v. Banks*, 11th Dist. Lake No. 2018-L-028, 2018-Ohio-5330.

{¶3} On November 2, 2021, Banks filed a Motion to Withdraw Guilty Plea Based on Newly Discovered Evidence. Banks argued that his guilty pleas were not entered into intelligently inasmuch as the State used unlawfully gathered and inadmissible evidence to induce him to enter the pleas. He claimed that he was only made aware of the existence of such evidence after receiving a tip from a third party sometime during January of 2021. The evidence in question concerned the search warrant authorizing the search of his residence. Specifically, Banks had learned that: "(1) someone had forged the signature of Judge Timothy E. McMonagle [on the warrant] – signing T.S. McMonagle; (2) that *said* search warrant *was not entered on the record* (journalized); and (3) the executing officers from Lake County had **knowingly failed** to abide by the prerequisite commands in the warrant in order to obtain territorial jurisdiction – i.e., * * * the Lake County Police Officers executed the search warrant of the residence in Cuyahoga County without notifying and obtaining the assistance from police officers from Cuyahoga County." Motion to Withdraw Guilty Plea (edited for clarity).

{¶4} On November 19, 2021, the trial court denied Banks' Motion.

{¶5} On December 14, 2021, Banks filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court abused its discretion when it denied Mr. Banks' Motion to Withdraw his Guilty Plea Based on Newly Discovered

2

Evidence, proving that a manifest injustice had occurred in violation of the Fourth, Fifth, and Fourteenth Amendment[s] to the United States Constitution."

{¶6} Criminal Rule 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "This term has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Id.* at 264; *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 14 ("[a] 'manifest injustice' is a 'clear or openly unjust act'") (citation omitted).

{¶7} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus.

{¶8} We find neither an abuse of discretion nor the existence of a manifest injustice. Banks has failed to establish that this evidence was unavailable to him at the time he entered his plea: the State provided Banks with open file discovery including a "full and complete copy of the Police Report" in the prosecutor's possession. Banks has failed to establish that the evidence seized from his residence induced him to plead guilty: Banks confessed to his crimes in a recorded interview. Banks has failed to establish that his convictions constitute an injustice: the alleged improprieties in the execution of the warrant do not exonerate him of the crimes. Banks has failed to establish that there were

3

improprieties in the execution of the warrant: the allegedly forged "S." on the warrant as well as the supporting affidavit has the appearance of an "E." consistent with the issuing judge's name; no authority is cited for the proposition that a warrant must be journalized on the issuing court's docket to be valid; and no evidence was submitted that the signature on the warrant was a forgery.

{¶9}   The sole assignment of error is without merit.

{¶10}  For the foregoing reasons, the denial of Banks' Motion to Withdraw Guilty Plea Based on Newly Discovered Evidence by the Lake County Court of Common Pleas is affirmed.  Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4